UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

ANTONIA M. HERNANDEZ,

    Plaintiff,

vs.                                                    Case No.: 8:11-cv-02613-T-27AEP

MICHAEL J. ASTRUE
Commissioner of Social Security,

    Defendant.
_____/

## ORDER

**BEFORE THE COURT** is the Report and Recommendation (Dkt. 13) of the Magistrate Judge recommending that the decision of the Commissioner be affirmed. Plaintiff has filed objections to the Report and Recommendation (Dkt. 14), to which the Commissioner has responded (Dkt. 15). Upon consideration, the Report and Recommendation (Dkt. 13) is APPROVED and ADOPTED in all respects, including for the purposes of appellate review.

The Magistrate Judge properly concluded that the Commissioner's decision should be approved, but one of Plaintiff's objections warrants further explication. In *Holt v. Sullivan*, 921 F.2d 1221 (11th Cir. 1991), the Eleventh Circuit articulated the "pain standard," which applies when a disability claimant attempts to establish a disability through her own testimony of pain or other subjective symptoms. *Id.* at 1223. This standard requires (1) evidence of an underlying medical condition *and either* (2) objective medical evidence that confirms the severity of the alleged pain arising from that condition *or* (3) that the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain. *Id.* If a claimant testifies

as to her subjective complaints of disabling pain and other symptoms, the ALJ "must clearly 'articulate explicit and adequate reasons' for discrediting the claimant's allegations of completely disabling symptoms." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting *Foote v. Chater*, 67 F.3d 1553, 1561-62 (11th Cir. 1995)). The credibility determination does not need to cite "particular phrases or formulations," but it cannot be a rejection that is too broad to enable a court to conclude that the ALJ considered the claimant's medical condition as a whole. *Foote*, 67 F.3d at 1561.

Plaintiff argues that the Magistrate Judge failed to recognize that the ALJ used the "pain standard" inappropriately by not considering whether "the objectively determined medical condition is of such a severity that it can be reasonably expected to give rise to the alleged pain" (*see* Dkt. 14 at 5). *Holt*, 921 F.2d at 1223. As a preliminary matter, Plaintiff did not raise this argument with the Magistrate Judge (*see* Dkt. 11), and therefore it need not be considered. *See Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009). Even if it were considered, however, it would not succeed because the ALJ articulated explicit and adequate reasons for discrediting Plaintiff's testimony, and the ALJ's reasoning is sufficiently detailed to allow the conclusion that the ALJ considered Plaintiff's medical condition as a whole. *See Dyer*, 395 F.3d at 1210.

Accordingly,

1) The Report and Recommendation (Dkt. 13) is APPROVED and ADOPTED in all respects, including for the purposes of appellate review.

2) The decision of the Commissioner is AFFIRMED.

3) The Clerk is directed to ENTER final judgment in favor of the Commissioner and CLOSE the case.

**DONE AND ORDERED** this 14th day of March, 2013.

JAMES D. WHITTEMORE
**United States District Judge**

Copies to: Counsel of record